ESTEP, Appellee,

v.

KASPARIAN;

BancOhio National Bank, Co–Exr., et al., Appellants.

BANCOHIO NATIONAL BANK et al., Appellants,

v.

GLOBAL HOLDINGS, INC.; Estep, Appellee, et al.

[Cite as *Estep v. Kasparian* (1992), 79 Ohio App.3d 313.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1172, 91AP–1173.

Decided May 5, 1992.

*Lucas, Prendergast, Albright, Gibson & Newman, Robert Albright* and *James E. Melle,* for appellee Randee Estep.

*Richard D. Colby,* for Nazar Kasparian.

*Wesp & Osterkamp Co., L.P.A., Kevin J. Osterkamp* and *Connie A. Crim,* for appellants BancOhio National Bank et al.

DESHLER, Judge.

This is an appeal by appellants, BancOhio National Bank ("BancOhio") and BancOhio, Co–Executor of the Estate of George Dumas, from the judgment

entry of the Franklin County Court of Common Pleas, ordering the payment of attorney fees by appellee, Randee Estep.

This matter arises from two actions filed and consolidated in the trial court. On April 7, 1989, appellee filed a complaint against appellants and Nazar Kasparian, a co-executor of the estate of George Dumas. The complaint alleged that decedent, George Dumas, had failed to honor an obligation to appellee arising out of a subrogation agreement contained in a mortgage note.

On May 8, 1989, appellants, joined by Kasparian, Globe Import–Export Inc., and Vanya Dumas, filed a complaint against appellee and four additional defendants. The complaint alleged that a property transaction involving decedent and appellee was the product of fraud and breach of fiduciary duty on the part of appellee and the other defendants. By entry dated April 27, 1990, the trial court consolidated the two actions.

On November 21, 1990, Kasparian, Dumas and appellants filed an amended complaint, alleging in part the nonpayment by appellee of two promissory notes. On December 21, 1990, appellee filed an answer and counterclaim. Appellee's counterclaim, which contained ten counts and named five new-party defendants,[1] included alleged claims for intentional or negligent misrepresentation, professional malpractice, defamation, slander of title, malicious prosecution, intentional and/or negligent infliction of emotional distress, abuse of process, interference with a contract and/or contractual relationship or business advantage, conflict of interest, conspiracy, negligence, libel, slander, breach of fiduciary duty, professional negligence and right to a fair trial.

On June 25, 1991, appellant BancOhio filed a motion for summary judgment regarding the counterclaims raised in the pleading filed by appellee on December 21, 1990. By judgment entry dated July 23, 1991, the trial court sustained BancOhio's motion for summary judgment and dismissed all claims that were the subject of the motion.

On August 26, 1991, the matter proceeded to trial on the issues of appellee's potential obligations under the promissory notes and the adequacy of notice of default and acceleration to appellee. Based upon the arguments of counsel and a stipulation of facts, the trial court found that appellee had received proper notice of default and acceleration. The court entered judgment for appellants and Vanya Dumas on the default note.

On the day of trial, appellants and Vanya Dumas filed a motion, pursuant to R.C. 2323.51, for an order awarding attorney fees. The basis for the motion

---

1. Prior to trial, the five new-party defendants were dismissed.

was the alleged frivolous conduct of appellee in filing the December 21, 1990 counterclaim. The trial court set a hearing date for September 12, 1991, regarding the motion.

At the hearing on the motion for attorney fees, Charles Wigton, an officer in the trust department of BancOhio, testified on behalf of appellants. Following the testimony of Wigton, the trial court inquired of counsel for appellee regarding the processes he undertook in determining the validity of the claims alleged in the subject counterclaim.

By journal entry filed on September 13, 1991, the trial court awarded fees based upon a finding of frivolous conduct. More specifically, the entry provided in relevant part:

"The claims brought * * * in the pleading of December 21, 1990 * * * included claims for defamation, libel, slander, intentional and negligent infliction of emotional distress, just to name a few. These counterclaims were filed in response to Plaintiff's complaint to collect on a note. All claims were without merit, and said claims were beyond the statute of limitations, even assuming they had merit.

"After a thorough review of the pleadings, motions of counsel, testimony taken at the hearing and, arguments of counsel, the Court finds that said counterclaims filed December 21, 1990 by Defendants are frivolous conduct of Defendants Randee Estep and Global Holdings, Inc. These claims 'are not warranted under existing law and cannot be supported by a good faith argument for reversal of existing law.' "

The court ordered the fees to be paid by appellee Estep and Global Holdings, Inc.[2]

On appeal, appellants set forth the following assignment of error for review:

"Given a finding that a client has engaged in frivolous conduct by asserting causes of action which are barred by the statute of limitations and/or which do not exist under Ohio law, it is error and an abuse of discretion for a trial court to not assess attorneys['] fees against the client's legal counsel."

Initially, we note that the issue of whether or not the record supports the finding of frivolous conduct by the trial court has not been challenged on appeal. Rather, the narrow issue presented is appellants' contention that the trial court abused its discretion in failing to assess attorney fees against counsel for appellee.

---

**2.** Global Holdings, Inc. was a defendant in the underlying consolidated cases. The portion of the judgment entry ordering fees to be paid by Global Holdings, Inc. was vacated by this court based upon the approval of a joint motion filed by the parties.

Pursuant to R.C. 2323.51, a trial court, in a civil action, may award reasonable attorney fees to any party adversely affected by the frivolous conduct of another party or his counsel of record. R.C. 2323.51(A)(2) states:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

R.C. 2323.51(B)(4) provides that an award of attorney fees may be imposed "against a party, his counsel of record, or both."

The decision of a trial court regarding the imposition of sanctions will not be reversed absent an abuse of discretion. *Painter v. Midland Steel Prod. Co.* (1989), 65 Ohio App.3d 273, 280, 283 N.E.2d 1018, 1022. See, also, *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.

Appellants maintain that the trial court, in finding that the counterclaim filed by appellee constituted frivolous conduct, placed significant reliance upon the fact that certain causes of action alleged by appellee were either barred by the statute of limitations or do not exist under Ohio law. Appellants argue that given the basis for the court's ruling, and in light of the evidence presented at the sanction hearing, it was an abuse of discretion for the trial court not to impose sanctions personally on appellee's counsel.

Based upon the record before this court, we agree with appellants' contention that the payment of attorney fees for the frivolous conduct should be borne by appellee's counsel. In the present case, all of the claims which were the subject of the counterclaim filed by appellee on December 21, 1990 were dismissed by the court as without merit and/or barred by the statute of limitations. As noted by appellants, some of the claims raised do not present viable causes of action under Ohio law. Further, a review of the transcript of the sanctions hearing indicates that it was counsel's judgment which resulted in the filing of the counterclaim. A significant portion of the hearing focused upon the trial court's inquiry regarding the investigation, preparation and thought process undertaken by counsel prior to the filing of the pleading. While counsel attempted to explain that he believed he had adequate legal grounds for the claims asserted, a review of the counterclaim indicates otherwise. Rather, the record supports the trial court's conclusion that the claims asserted " * * * 'are not warranted under existing law and cannot be supported by a good faith argument for reversal of existing law.' "

R.C. 2323.51, in allowing for the imposition of sanctions against the client, counsel or both, provides a mechanism for the court to place the blame directly where the fault lies. The record in this case does not suggest that it was appellee who misled her counsel into pursuing baseless claims, nor is it likely that a layperson would appreciate the claims raised herein or be cognizant that certain actions were time barred. We have no desire to attempt to chill the ability of counsel to vigorously represent his client. However, when it is clear from the record that reasonable inquiry by an attorney should reveal the inadequacy of a claim, and where no good faith argument can be advanced to support the reversal of existing law, the payment of attorney fees directly by counsel is justified.

We note that in a similar case, the Court of Appeals for Montgomery County recently held that the trial court abused its discretion in assessing sanctions under R.C. 2323.51 against a client rather than against the client's blameworthy counsel. In *P.K. Lumber Co. v. Investors Title Agency, Inc.* (Jan. 23, 1991), Montgomery App. No. 12184, unreported, 1991 WL 6326, the plaintiff-appellant, P.K. Lumber, appealed from sanctions imposed against it by the trial court. In that action, the basis for the trial court's award of attorney fees, as in the case *sub judice*, was that " * * * the complaint filed and prepared by counsel [for plaintiff] could not be supported by the existing law or a reasonable extension, modification, or reversal of existing law. * * * " *Id.* at 10. There was no finding by the trial court that plaintiff had filed its action to harass or maliciously injure the defendant. On appeal, the appellate court agreed with the trial court's determination that the complaint was frivolous, but held that in light of the basis for the sanctions, " * * * the award of attorney fees was appropriate against counsel for the plaintiff. * * * " *Id.* Thus, the appellate court modified the judgment to substitute counsel as the appropriate person responsible for the payment of the appellee's attorney's fees. As in *P.K. Lumber*, we find that the burden of any sanctions should fall upon those actually responsible for the frivolous conduct.

Based upon the foregoing, we sustain appellants' single assignment of error. Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to vacate the entry imposing attorney fees against appellee, and to enter an order directing fees to be paid by counsel of record for appellee in the amounts previously assessed against appellee and Global Holdings, Inc.

*Judgment reversed*
*and cause remanded with instructions.*

McCORMAC and BOWMAN, JJ., concur.