CRONIN et al., Appellants,

v.

SMITH et al., Appellees.

[Cite as *Cronin v. Smith* (1994), 92 Ohio App.3d 606.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–09–064.

Decided Jan. 4, 1994.

*Ronald W. Springman, Jr.* and *Carl W. Zugelter,* for appellants Virginia and Dennis R. Cronin.

*Jack F. Grove,* for appellees Melissa and Raymond Cutter.

*James W. Gustin,* for appellee Grange Mutual Casualty Co.

*Timothy P. Heather,* for appellees Lamor and Mary C. Smith.

*Per Curiam.*

The above cause is before the court pursuant to a joint motion to dismiss filed by counsel for appellees, Raymond and Melissa Cutter, Mary C. Smith, Lamor

Smith, and Grange Mutual Casualty Company, on December 6, 1993, and a memorandum in opposition to the motion to dismiss filed by counsel for appellants, Dennis R. Cronin and Virginia Cronin, on December 17, 1993.

This is a personal injury case in which the appellants are seeking damages for injuries sustained in a shooting incident. The trial court granted summary judgment to several defendants and a notice of appeal was filed. This court dismissed the appeal because there were outstanding parties and issues that had not been resolved. See *Cronin v. Smith* (July 21, 1993), Clermont App. No. CA93–06–043, unreported.

Subsequently, on August 4, 1993, counsel for appellants (plaintiffs below) filed notices of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) as to two of the defendants. These dismissals resolved all outstanding claims and made the order previously appealed from a final appealable order. On August 9, 1993, the trial court filed an order styled "Entry of Dismissal Without Prejudice," which stated that "[u]pon notice of the plaintiffs the defendants in the above-captioned case, Brian Smith and Jeff Price, are hereby dismissed without prejudice."

On September 7, 1993, appellants filed a second notice of appeal. The notice of appeal was filed timely with respect to the entry of dismissal without prejudice filed on August 9, 1993, but not timely with respect to the notices of dismissal filed on August 4, 1993.

Appellees have filed a motion to dismiss, contending that the appeal was filed out of time because the thirty-day period for appeal began to run when the notices of dismissal were filed, not when the entry of dismissal was filed. They note that Civ.R. 41(A)(1)(a) provides that an action may be dismissed without order of the court. They further cite *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 586 N.E.2d 107 (when an action is dismissed pursuant to Civ.R. 41[A][1], the trial court loses jurisdiction), and *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 16 OBR 240, 475 N.E.2d 183 ("trial" to court after motion to dismiss filed pursuant to Civ.R. 41[A][1] was a nullity). In response, appellants argue that the time to file a notice of appeal begins with the entry of a judgment and therefore the appeal time did not begin to run until the entry of dismissal filed on August 9, 1993.

Upon due consideration of the foregoing, it appears to the court that appellants would have the court make an exception to dismissal under Civ.R. 41(A) if the dismissal causes a prior order of the court to become a final appealable order. The case law cited above indicates that a trial court loses jurisdiction when a case or a claim is voluntarily dismissed. We find the trial court's August 9, 1993 entry

**608**

of dismissal to be a nullity. Appellees' joint motion to dismiss is GRANTED. This cause is hereby DISMISSED, with prejudice, costs to appellants.

*So ordered.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.