CSEPLO,

v.

STEINFELS, Appellant.

[Cite as *Cseplo v. Steinfels* (1996), 116 Ohio App.3d 384.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE04–538.

Decided Dec. 24, 1996.

Weisbrod & Lopez Co., L.P.A., and Alfred J. Weisbrod, for Advanced Sports Concepts, Inc., Bret A. Adams, and Adams Building Partnership.

Hadden Co., L.P.A., and E. Bruce Hadden, for appellant Victor E. Steinfels.

DESHLER, Judge.

Defendant-appellant, Victor E. Steinfels III, appeals from a decision of the Franklin County Court of Common Pleas sanctioning him with an award of attorney fees in favor of third-party defendants, Bret A. Adams, Advanced Sports Concepts, Inc. ("ASC") and Adams Building Partnership. A related appeal consolidated with this one under case No. 96APE04–539 has been *sua sponte* dismissed for lack of a final appealable order.

The underlying facts of this case revolve around the business activities, and ultimate bankruptcy, of defendant Vesmont Management Group, Inc. ("Vesmont") and various associated companies. The business relationship between the various individuals and companies concerned are both highly complex and bitterly disputed as to their details, and will not be unnecessarily developed in this decision. In brief, it can be summarized that Steinfels was originally the

majority owner of Vesmont, which was incorporated in 1991 to manufacture and distribute a plastic beverage mug in the shape of a football helmet, as well as other sports-related products. In 1992, Steinfels was soliciting additional investors for Vesmont, and was introduced by Adams to Robert Cseplo, who made a substantial investment in Vesmont to allow the production of new tooling and improve cash flow. By the fall of 1993, Vesmont was nonetheless insolvent and unable to repay significant sums owed to a variety of creditors, including various limited partnerships created by Steinfels for the purpose of funding Vesmont; Williams Industries, Inc., a manufacturer and supplier; Cseplo personally; CASH PLUS, Inc., a factoring company; Northrun Manufacturing, Inc., a manufacturing supplier owned and controlled by Cseplo; and others. In order to protect his considerable cash investment in Vesmont, Cseplo requested an agreement under which Steinfels gave Cseplo irrevocable proxies to vote Steinfels's shares. Cseplo, in conjunction with Adams, then proceeded to assume control of Vesmont's day-to-day operations, although Steinfels remained Chairman of the Board of Vesmont. Cseplo and Adams moved the accounting departments of Vesmont and an affiliated company, Pro American Marketing ("PAM"), to a building on Bethel Road in Columbus, Ohio, owned by Adams Building Partnership. The building also housed appellee ASC, a sports marketing company controlled by Adams, and Adams's personal law offices. Appellee, Adams Building Partnership, is a partnership formed by Adams and his sister for the purpose of owning the Bethel Road property.

Despite Cseplo's and Adams's assumption of control of Vesmont, the company's financial condition continued to deteriorate. The nadir was reached when the National Football League refused to renew a marketing license which expired in April 1994, crippling Vesmont's marketing potential for its football-helmet-shaped mugs.

Cseplo and Adams eventually lost faith in Vesmont's future viability and resigned from the company. Steinfels reasserted control but has been unable to revive Vesmont's business prospects. The company is essentially dormant and entered bankruptcy during the course of this action.

On April 19, 1994, Cseplo commenced this action against Steinfels and Vesmont, alleging fraudulent conduct on the part of both, and a breach of the agreement under which Cseplo had assumed control of Vesmont. On June 2, 1994, Steinfels and Vesmont, through their attorney, Robert C. Perrin, filed an answer, counterclaim, and third-party complaint, joining as third-party defendants ASC, Adams, Adams Building Partnership, Cody Connection, Inc. (a company controlled by Cseplo), and Northrun Manufacturing, Inc. On September 14, 1994, Steinfels dismissed third-party defendants ASC, Adams personally, and Adams Building Partnership.

On September 28, 1994, ASC, Adams, and Adams Building Partnership filed a motion for sanctions and attorney fees against Steinfels and Vesmont.

The motion for attorney fees was heard before a referee on February 2 and May 8, 1995. The referee heard the testimony of Victor Steinfels, Bret Adams, Steven Miller, an investor in one of the limited partnerships which Steinfels promoted to fund. Vesmont, and Robert Paxton, an attorney testifying as an expert on the reasonableness of the fees sought to be recovered through the motion. Attorney Robert C. Perrin, who drafted the allegedly frivolous third-party complaint on behalf of Steinfels and Vesmont, was unable to testify due to recent heart surgery.

On June 5, 1995, the referee issued a report, finding there was no evidence to support the causes of action pled in the cross-claim with respect to Adams, ASC, or Adams Building Partnership. The referee further found that, although Adams Building Partnership was named as a third-party defendant, none of the causes of action asserted in the cross-claims even alleged any actionable conduct by Adams Building Partnership.

The referee specifically concluded, at finding of fact No. 33, that "Steinfels never read or reviewed the Third–Party Complaint before it was filed. He first saw the Third–Party Complaint after it was filed."

The referee found that Adams, ASC, and Adams Building Partnership had incurred reasonable attorney fees in the amount of $10,950 to defend the third-party complaint; this amount excluded a number of items specifically disallowed by the referee because appellees had not proved, by a preponderance of the evidence, that such items reflected expenses associated with the defense of the third-party complaint filed by Steinfels and Vesmont, but were incurred in connection with related litigation.

By entry dated March 11, 1996, the trial court overruled Steinfels's objections to the referee's report and adopted the referee's report. Appellant has timely appealed and brings the following two assignments of error:

"1. The trial court erred in awarding sanctions against Victor E. Steinfels III on the basis that an improper counterclaim and an improper third-party complaint were filed contrary to *Estep v. Kasparian* (1992), 79 Ohio App.3d 313, 607 N.E.2d 109.

"2. The trial court erred in adopting Magistrate Pamela Browning's June 5, 1995 report and recommendations."

Pursuant to R.C. 2323.51, the trial court in a civil action may award reasonable attorney fees to any party adversely affected by the frivolous conduct of another party, or the other party's counsel of record. R.C. 2323.51(A)(2) provides:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

R.C. 2323.51(B)(4) provides that "[a]n award of reasonable attorney fees pursuant to division (B)(1) of this section may be made against a party, his counsel of record, or both."

Appellant's two assignments of error raise related issues and will be addressed together. Appellant argues that the trial court erroneously placed the liability for sanctions on Steinfels and Vesmont as parties, rather than attributing the frivolous conduct to the drafter of the third-party complaint, attorney Perrin. "R.C. 2323.51, in allowing for the imposition of sanctions against the client, counsel or both, provides a mechanism for the court to place the blame directly where the fault lies." *Estep v. Kasparian* (1992), 79 Ohio App.3d 313, 317, 607 N.E.2d 109, 112. We agree with appellant that, based upon the record before us, it was inappropriate to award the sanction of attorney fees against Steinfels and Vesmont. The unrebutted testimony of Victor Steinfels at the sanctions hearing established that he did not see or review the third-party complaint before it was filed. While Steinfels may, as appellees point out, have been the source of much of the factual information upon which the third-party complaint was founded, Steinfels cannot be held responsible for the legal conclusions and theories presented in the pleadings if he was not aware of their content. In particular, we note that certain of the causes asserted in the third-party complaint are not warranted even under the facts as alleged in the complaint.

While we agree with the referee and trial court that the filing of the third-party complaint in the instant case was arguably frivolous conduct, the allocation of liability for attorney fees to the parties, as opposed to counsel, is not appropriate in this case. We find that evidence before the trial court was insufficient to impose sanctions against Steinfels and Vesmont.

Accordingly, we find that appellant's first and second assignments of error are well taken and are sustained. We find that the trial court erred in finding Steinfels and Vesmont liable for sanctions for frivolous conduct in this case. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court with instructions to vacate the entry imposing attorney fees against Steinfels and Vesmont.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and LAZARUS, JJ., concur.