This is an accelerated appeal arising from a decision by the Fayette County Court of Common Pleas which denied defendant-appellant, Donald W. Hyer's, motions to reopen and for damages and sanctions.
On December 6, 1995, plaintiff-appellee, Cynthia A. Souders, filed a complaint seeking possession or division of a jointly titled 1994 Dodge 1500 pickup truck which had been purchased by both appellant and appellee.[1] On March 5, 1996, appellee filed a motion requesting temporary possession of the truck pending trial. On April 5, 1996, following a hearing, the trial court entered a temporary order allowing appellee to have sole possession of the truck from April 1, 1996 to September 1, 1996 at which time appellant would have sole possession of the truck for a five month period, unless final judgment superseded the temporary order.[2] The trial court also ordered the party in possession of the truck to maintain comprehensive insurance coverage for the vehicle and pay the monthly lien payments.
On September 11, 1996, appellee voluntarily dismissed the case without prejudice pursuant to Civ.R. 41(A)(1).[3] On December 24, 1996, appellant filed two motions, one pursuant to R.C. 2737.15 seeking damages and alleging that appellee had damaged the truck while it was in her possession,[4] and the other pursuant to Civ.R. 11 and R.C. 2323.51 seeking sanctions in the form of attorney fees and alleging that appellee had filed a frivolous action. On January 2, 1997, appellant filed a motion to reopen the case for a hearing on damages and sanctions.
On May 1, 1997, the trial court filed a judgment entry denying appellant's motions to reopen the case and for damages and sanctions since the "controversy is presently being determined in an action pending in the Jackson County Common Pleas Court." It is from this judgment that appellant now appeals, setting forth the following assignment of error:
 DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT DISMISSED DEFENDANT'S MOTIONS FOR DAMAGES AND FOR SANCTIONS?
In his sole assignment of error, appellant contends that the trial court erred by denying his motions for damages and sanctions. Appellant argues that the trial court's decision was contrary to law and constitutes an abuse of discretion because it was based upon the fact that another case involving similar issues was pending in Jackson County. Appellant argues that he is entitled to damages pursuant to R.C. 2737.15 and sanctions pursuant to Civ.R. 11 and R.C. 2323.51.
Generally, when two courts may properly exercise jurisdiction over a matter, the first court to acquire jurisdiction through proper procedures over the parties and subject matter precludes a second court from assuming jurisdiction over the same parties and subject matter. Whitehall ex rel. Wolfe v. Ohio Civil Rights Comm. (1995), 74 Ohio St.3d 120, 123. However, where a case has been terminated or voluntarily dismissed in one court, then another court may properly exercise exclusive jurisdiction over the same parties and subject matter. State ex rel. Flower v. Rocker (1977), 52 Ohio St.2d 160, 162.
A voluntary dismissal filed by a party to an action operates to divest a court of jurisdiction over the pending controversy. Cronin v. Smith (1994), 92 Ohio App.3d 606, 607. Nevertheless, despite the voluntary dismissal, the court retains limited jurisdiction to decide whether sanctions for frivolous conduct are warranted. State ex rel. Gaier Co. v. Kessler (1994),97 Ohio App.3d 782, 785. A trial court may exercise its discretion and award reasonable attorney fees where a party to a civil action has been adversely affected by frivolous conduct. R.C.2323.51(B)(1). The trial court's decision with respect to attorney fees based upon frivolous conduct will not be disturbed absent an abuse of discretion. Estep v. Kasparian (1992),79 Ohio App.3d 313, 316; Koeck v. Boyle (Apr. 14, 1997), Athens App. Nos. 95CA1705, 96CA1731, unreported.
Furthermore, the decision whether to reopen a case is within the sound discretion of the trial court. Ketcham v. Miller (1922), 104 Ohio St. 372, 378; Pyle v. Pyle (1983), 11 Ohio App.3d 31,37. The trial court's decision whether to reopen the case will not be disturbed on appeal absent an abuse of discretion. Pyle, 11 Ohio App.3d at 37.
After thoroughly reviewing the record, we find no error by the trial court in denying appellant's motions to reopen the case and for damages and sanctions in light of the fact that the matter had been voluntarily dismissed and refiled in another court capable of exercising jurisdiction. See Ketcham,104 Ohio St. at 378; Flower, 52 Ohio St.2d at 162. The record indicates that the damages issue is currently pending before the Jackson County Court of Common Pleas and can properly be addressed by that court. While the Fayette County Court of Common Pleas would retain jurisdiction to decide whether sanctions were appropriate due to frivolous conduct on the part of appellee despite appellee's voluntary dismissal of the case, we find no abuse of discretion in the trial court's decision denying appellant's motion for sanctions under the circumstances. See Estep,79 Ohio App.3d at 316. The record fails to support appellant's assertion that the complaint filed by appellee was frivolous. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] The record indicates that the parties were never married. The parties were romantically involved and lived together for a period of approximately eleven years during which time they purchased various assets, including the 1994 Dodge truck. The parties subsequently terminated their relationship.
[2] The trial court found that since the parties co-owned the truck, possession should be equalized prior to final adjudication. The trial court determined that appellant had possession of the truck for the previous five month period, so it awarded each party possession in five month increments pending final resolution of the case.
[3] The record indicates that on September 17, 1996, appellee filed another complaint in the Jackson County Court of Common Pleas seeking division of jointly owned real estate located in Jackson County as well as the parties' jointly owned 1994 Dodge truck and other personal property.
[4] The record indicates that appellant had previously filed a counterclaim in the Jackson County suit, also alleging, inter alia, that appellee had damaged the truck while it was in her possession.