This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This is an appeal from the Wayne County Court of Common Pleas ordering appellant, Sylvia Swartzentruber ("Sylvia") to pay appellee, Byron Hathaway's ("Byron"), attorney fees and court reporting costs in the amount of $1000. Additionally Sylvia appeals the trial court's denial of her motion requesting that: 1) Byron be held in contempt, 2) the court order Byron to pay a specific credit card bill and 3) the court change the amount listed as marital debt in her and Byron's separation agreement. We affirm.
 I.
On November 5, 1997, the trial court accepted the magistrate's proposed decision to dissolve the marriage between Sylvia and Byron. The magistrate's proposed order incorporated the separation agreement into the dissolution of the marriage. The relevant section of the agreement stated:
IV. Marital Indebtedness
 Except for those debts and obligations created under this Agreement, each party agrees to pay and hold the other party harmless from all debts, liabilities and obligations incurred by him or her from the effective date of this Agreement.
 With respect to the financial obligations, husband shall be responsible for the real estate mortgage and expenses. Wife shall be responsible for the ninety (90) day signature note in the amount of approximately $21,000 and the $5,000 debt owing to Carpet Crafts on account of carpeting for the home. Husband shall also be responsible for the MasterCard, Visa and Discover card bills, all with a debt of approximately $1,000, and the $1,500 Lowe's bill. He shall assume such indebtedness and shall hold wife harmless thereupon.
 On November 4, 1998, almost a year later, Sylvia filed a motion with the trial court requesting: 1) the court correct a clerical error in the separation agreement regarding the amount of the marital credit card debt, 2) the court hold Byron in contempt of court for failing to pay the Discover bill (in violation of separation agreement), 3) the court identify the "Visa" listed in the agreement as the First of America Visa, and 4) the court modify the separation agreement to reflect Sylvia's interest in the marital home and her interest in Byron's pension. Byron filed a motion requesting attorney fees on the grounds that Sylvia's motions were frivolous.
The morning of the hearing, Sylvia dismissed the fourth ground of her motion that sought a modification of the separation agreement to include her interest in the marital home and Byron's pension. Both Sylvia and Byron testified at the hearing. The magistrate's proposed decision ordered Sylvia to pay Byron's attorney fees and the costs of the court reporter in the amount of $1000. The magistrate denied the remaining three grounds of Sylvia's motion.
On March 24, 1999, the trial court approved the magistrate's proposed decision. Sylvia filed objections to the magistrate's proposed decision. On June 17, 1999, the trial court overruled Sylvia's objections and requested the magistrate state his basis for the award of attorney fees. The magistrate responded with a finding that the award of attorney fees was pursuant to R.C. 2323.51.
Sylvia filed a timely appeal with this court.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED [ITS] DISCRETION PREJUDICIAL TO THE RIGHTS OF THE APPELLANT BY FAILING TO ENFORCE [ITS] PRIOR ORDER THROUGH A FINDING OF CONTEMPT REQUIRING THE APPELLEE TO PAY THE DISCOVER CARD THEREBY IMPLIEDLY GRANTING CREDIT TO THE APPELLEE FOR THE VOLUNTARY ASSUMPTION OF OTHER DEBTS.
In her first assignment of error, Sylvia argues that it was error for the trial court to find Byron was not in contempt for failing to pay the Discover Card bill. We disagree.
An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.
The separation agreement stated Byron "shall also be responsible for the MasterCard, Visa and Discover card bills * * *." Evidence from the hearing revealed that at the time of the dissolution the Discover Card debt was approximately $5210.28. Sylvia testified that Byron did not pay the Discover Card bill and that the October 1997 bill was mailed to the marital address where Byron was still living.
Byron testified at the hearing that he did not receive the Discover bill, and that he attempted to contact Discover directly but was unable to gain access to the account information listed under Sylvia's name. When questioned, he did admit that he made no attempts to get the Discover bill directly from Sylvia. However, Byron testified that he had paid several other bills that were in Sylvia's name. The separation agreement did not require Byron to pay these additional debts. These additional payments exceeded the original $5210.28 debt of the Discover Card bill.
Although Byron's testimony does not relieve him of all of his obligations to pay the marital debt pursuant to the separation agreement, it does support the magistrate's and trial court's determination that Byron was not in contempt of court for failing to specifically pay the Discover Card debt.
Sylvia's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED [ITS] DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN (A) NOT CORRECTING A CLERICAL ERROR TO REFLECT THE ACTUAL AMOUNT OF THE CREDIT CARD DEBT THE APPELLEE WAS ASSUMING AND (B) STRIKING THE DOCTOR'S LETTER, DEPOSITION AND AN AFFIDAVIT FILED POST HEARING FROM THE FILES.
In Sylvia's second assignment of error she argues that it was error: 1) to not correct the amount of the credit card debt listed in the separation agreement to reflect the actual marital debt and 2) to strike evidence she filed with the court after the hearing. We disagree.
 Clerical Error
The separation agreement, drafted by Sylvia's attorney, stated Byron was "responsible for the MasterCard, Visa and Discover card bills, all with a debt of approximately $1,000 * * *." Sylvia asserts that this line of the separation agreement contained a clerical error regarding the amount of credit card debt. She testified that the actual credit card debt among these three cards at the time of the dissolution was closer to $10,000. The record reflects that the couple had several credit cards with debt during the course of their marriage.
Sylvia testified that at the time of the dissolution she knew that the separation agreement did not contain a complete list of her and Byron's existing credit card debt. The agreement listed three cards with $1,000 of debt while they had over a dozen credit cards and owed several thousand dollars.
At the hearing Byron produced a handwritten list that divided the couple's credit cards into three lists: Sylvia, Byron and the Ministry (Sylvia's corporation). Byron testified that Sylvia wrote the list before their dissolution and the list separated the cards according to who would be responsible for the debt. Sylvia testified that she wrote the list; however, the categories indicated who was the primary cardholder, and not who would be responsible for the debt. There were several checkmarks and asterisks on the list. Neither Byron nor Sylvia was able to recall the significance of each of these markings.
The magistrate found that "both parties were aware that the amounts contained in the separation agreement were incorrect * * *." Sylvia and Byron both signed the agreement knowing that it did not contain a correct statement of their marital debt. We find that the trial court did not abuse its discretion in approving the magistrate's finding that the error regarding the parties' debt would not be changed.
 Exhibits Filed Post Hearing
After the hearing, Sylvia filed: 1) a copy of Dr. Gatz's deposition, 2) objections to the magistrate's decision with a copy of Dr. Gatz's September 23, 1998, letter and 3) a memorandum in opposition to attorney fees with an affidavit of Ruth Hatton. Byron moved the court to strike the May 3, 1999 filing of these exhibits.[1] On June 17, 1999, the trial court granted Byron's motion to strike the deposition, letter and affidavit. Sylvia argues on appeal this was an abuse of the trial court's discretion. We disagree.
Under Civ.R. 53(E)(4)(b), a trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Moreover, the trial court "may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." Civ.R. 53(E)(4)(b).
Although Civ.R. 53(E)(4)(b) permits a trial court to hear additional evidence, the trial court, in this action, could properly refuse to consider the additional evidence consisting of the deposition, letter and affidavit because there has been no contention by Sylvia in this appeal that with "reasonable diligence" she could not have produced these items for the magistrate's consideration. Therefore, Sylvia's claim that the trial court erred in failing to consider these additional exhibits is meritless.
Sylvia's second assignment of error is overruled.
 IV.
Assignment of Error No. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION OR COMMITTED ERROR AT LAW TO THE PREJUDICE OF THE RIGHTS OF THE APPELLANT WHEN ORDERING HER TO PAY ATTORNEY'S FEES.
In Sylvia's final assignment of error she argues that the trial court erred in ordering her to pay attorney fees and court reporter costs in the amount of $1,000.
In Ohio, an award of attorney fees is usually not proper absent statutory authorization or a finding that the party against whom the fees are assessed has acted in bad faith. State ex rel. Kabatek v.Stackhouse (1983), 6 Ohio St.3d 55, 55-56. An award of attorney fees may, however, be imposed as a sanction under R.C. 2323.51. Our review of an award of attorney fees pursuant to R.C. 2323.51 involves a determination of whether the trial court abused its discretion. Estepv. Kasparian (1992), 79 Ohio App.3d 313, 316, citing, Painter v. MidlandSteel Prod. Co. (1989), 65 Ohio App.3d 273, 280.
Pursuant to R.C. 2323.51(A)(2)(a), a trial court may award reasonable attorney fees against a party who has been found to have engaged in "frivolous conduct," as defined in the statute as the conduct of a party to a civil action or his attorney who satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action;
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
R.C. 2323.51(B)(2) also provides the procedure that must be followed if, on its face, the motion has merit.
In the present case, the magistrate expressly stated that the award was made pursuant to R.C. 2323.51. Sylvia's motion requesting a modification of the settlement agreement was in part based on the medical opinion of Dr. Gatz. A review of the record reveals that the letter documenting Dr. Gatz's opinion was not evidence properly before the trial court. The letter was not admitted into evidence nor were the contents of the letter discussed at the March 8, 1999 hearing.
Before the hearing on March 8, 1999, Sylvia filed a memorandum in opposition to attorney's fees. Attached to this memorandum was a copy of a September 23, 1998 letter from Dr. Alan Gatz. As an exhibit attached to a pleading, the letter was not evidence that could be considered by the court. See, Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph three of the syllabus (holding "[a] pleading is not admissible into evidence at a hearing to prove a party's allegations and must not be considered as evidence by the court").
While this letter may have established that Sylvia's conduct in filing this motion did not meet the statutory definition of frivolous conduct the letter was not evidence properly before the court. For this reason, the trial court did not abuse its discretion in awarding Byron $1,000 in attorney fees pursuant to R.C. 2323.51. Sylvia's third assignment of error is overruled.
 V.
We overrule all three assignments of error and affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
BATCHELDER, P.J., WHITMORE, J. CONCUR
[1] The record reflects that Sylvia attached a copy of Dr. Gatz's letter to her objections to the magistrate's proposed decision filed on April 7, 1999. On May 3, 1999, Sylvia filed a copy of Dr. Gatz's deposition and her memorandum in support of her objections to the magistrate's proposed decision with an affidavit from Ruth Hatton.