OPINION
{¶ 1} This is the third appeal brought by an attorney against his former client over a fee dispute. Because the facts and issues relevant to this case require a thorough understanding of what this court and the trial courts have previously decided, we must recapitulate the facts and procedural posture.
 {¶ 2} Helen I. Cott received soft tissue injuries during an automobile collision in May 2003. Cott hired attorney Zach Zunshine to represent her in the personal injury matter against the tortfeasor, the tortfeasor's insurance company, and also State Farm, *Page 2 
Cott's own insurance company. Cott v. Martin (June 6, 2005), Franklin Cty. C.P. No. 04CVC05-5055. The trial court stayed the bad faith claim against Cott's insurance company, State Farm, until after the personal injury claim could be resolved. Zunshine tried the personal injury claim against Martin to a jury, which awarded Cott $38,440.
 {¶ 3} Cott was hoping for a higher award, and was consequently dissatisfied with the size of the verdict. Two days after the verdict, Cott notified Zunshine that she no longer wanted to pursue her separate bad faith claim against State Farm. In an e-mail message, Cott asked Zunshine for an itemized bill for the time he had spent pursuing the bad faith claim against her insurance company. Cott stated that she would be willing to pay for some of this time, and that she thought the parties could agree on some additional amount that Zunshine could deduct from her jury award in addition to the one-third contingency fee. Zunshine responded to Cott by sending her a bill for $8,500 for work on the bad faith claim, and advising her that she was in breach of the parties' contingency fee agreement.
 {¶ 4} A few weeks later, Zunshine sued Cott in a one-count complaint for his portion of the $38,440 jury verdict. Zunshine v. Cott (July 31, 2006), Franklin Cty. C.P. No. 05CVH07-7374. Zunshine alleged that she owed him the one-third fee, plus out-of-pocket litigation expenses, totaling $13,526.69. Zunshine did not include a claim for the time he spent on the bad faith claim. Cott — who had already hired attorney Gerald Sunbury to advise her regarding her alleged breach of the contingency fee agreement — asserted two counterclaims against Zunshine: (1) for declaratory judgment, seeking to invalidate the contingency fee agreement; and (2) for malpractice. *Page 3 
 {¶ 5} On September 15, 2005, Cott voluntarily dismissed her bad faith claim against State Farm.
 {¶ 6} In January 2006, the trial court dismissed Cott's first counterclaim, granted summary judgment to attorney Zunshine for the amount of 33 percent of the jury award (Cott had argued that Zunshine's fee was 30 percent, and not one-third; neither party could produce a copy of the fee agreement). In July 2006, the court held a final pre-trial conference on the remaining issues, and subsequently entered final judgment awarding Zunshine one-third of the jury verdict, but determined that Zunshine was not entitled to pre-judgment interest. The trial court also ordered the parties to share the costs of litigation.
 {¶ 7} Zunshine appealed that judgment to this court. See Franklin App. No. 06AP-868, 2007-Ohio-1475. We reversed the trial court's decision, solely on the issue of pre-judgment interest, and remanded the case with instructions.
 {¶ 8} On July 5, 2007, more than three months after we remanded the case to the trial court for a determination of pre-judgment interest, Zunshine filed a motion for Civ. R. 11 sanctions with the trial court. Zunshine alleged that the basis for this motion was an allegation that Cott and her attorney had filed a frivolous/meritless malpractice counterclaim against him. This was the first time Zunshine raised the issue of sanctions. The trial court determined that sanctions were not appropriate because Cott had a reasonable basis for her counterclaim, and that the counterclaim was compulsory. Zunshine then filed a new notice of appeal, assigning an assignment of error relating solely to the issue of sanctions. Franklin App. No. 07AP-764, 2008-Ohio-2298. *Page 4 
 {¶ 9} In May 2008, we issued our decision on the appeal on the issue of sanctions, agreeing with the trial court that the malpractice counterclaim was not frivolous per se, and finding that there was no evidence that demonstrated willfulness or malicious intent on the part of Cott or her attorney. See id., at ¶ 23. Our opinion included the following in hopes that he could put the litigation behind him:
 We understand [that] Zunshine invested hours of his time in a legal matter that his client opted to dismiss, and, because he took the case on a contingency basis, he was not paid for those efforts. * * * [T]here are some injuries for which the law does not provide a remedy. We cannot craft a remedy for a claim that has none * * * by awarding sanctions to the aggrieved party. That is not the purpose of Civ. R. 11.
Id. at ¶ 24.
 {¶ 10} By the time this second appellate decision was issued, Zunshine had filed still another lawsuit against Cott, alleging malicious prosecution, and a claim for unpaid fees relating to the dismissed bad faith claim against State Farm. Franklin Cty. C.P. No. 07CVH-2251. That case is before us today.
 {¶ 11} On September 7, 2007, Cott filed a motion for summary judgment (and/or to dismiss). While the case was pending, Zunshine filed at least four motions to compel, three motions to extend time, three motions to deem, two motions for partial summary judgment, and two motions to strike. On March 10, 2008, the trial court granted Cott's motion for summary judgment, and dismissed the case, mooting all Zunshine's motions. The trial court found:
 (1) the doctrine of res judicata bars [Zunshine's] breach of contract claim;
 (2) [Zunshine] is unable to recover on the breach of contract claim as he could only recover under the theory of quantum *Page 5 
meruit; however, Defendant Cott has not recovered any compensation, which thereby prohibits [Zunshine] from any recovery;
 (3) [Zunshine] is unable to prevail on his claim for malicious prosecution as he is unable to demonstrate that [Cott's] compulsory counterclaim for legal malpractice was terminated in his favor;
 (4) [Zunshine] is unable to recover on his claim for malicious prosecution as he is unable to prove that Defendant Cott lacked probable cause to institute the prior action;
 (5) [Zunshine] is unable to recover on his claim for malicious prosecution as he is unable to prove that Defendant Cott maliciously instituted the prior action;
 (6) based on the evidence submitted, summary judgment on the claim for malicious prosecution is warranted as the undisputed facts demonstrate that [Zunshine] is unable to prove the elements of malicious prosecution.
Zunshine v. Cott, Franklin Cty. C.P. No. 07CVH-2251, Final Journal Entry (March 27,
2008).
 {¶ 12} Zunshine filed a timely notice of appeal, and sets forth the following assignments of error for our review:
 1. THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT DENIED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON HIS CLAIM FOR LEGAL FEES FOR THE BAD FAITH CLAIM.
 2. THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT GRANTED COTT'S MOTION FOR SUMMARY JUDGMENT[,] AND TO DISMISS ON HIS CLAIM FOR LEGAL FEES FOR THE BAD FAITH CLAIM.
 3. THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT GRANTED COTT'S MOTION SUMMARY JUDGMENT[,] AND TO DISMISS ON PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION. *Page 6 
 4. THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT DENIED AS MOOT PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND [THE] COMPLAINT TO REFLECT THAT PLAINTIFF WAS SUING COTT NOT ONLY FOR THE MALICIOUS FILING OF HER LEGAL MALPRACTICE CLAIM[,] BUT ALSO FOR ITS SUBSEQUENT PROSECUTION FOR ABOUT SEVEN MONTHS.
 {¶ 13} We review the appropriateness of granting a motion for summary judgment de novo, using the same standard as the trial court. Boroff v.Meijer Stores Ltd. Partnership, Franklin App. No. 06AP-1150,2007-Ohio-1495, at ¶ 7. Under Civ. R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion — that conclusion being adverse to the nonmoving party. Id. at ¶ 6; Burstion v. Chong-Hadaway,Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701; Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201.
 {¶ 14} Addressing the first and second assignments of error, Zunshine argues that he was entitled to receive fees for the work he performed on Cott's bad faith claim against State Farm. Although Zunshine agreed to take the case on a contingent basis — the attorney only collects a fee based on a percentage of whatever settlement or award he brings to the client — Zunshine argues that he is entitled to be paid his regular hourly rate because Cott unilaterally dismissed the bad faith claim, which eliminated any possibility of monetary recovery.
 {¶ 15} In Ohio, clients have an absolute right to discharge an attorney at any time, with or without cause, subject to the obligation to compensate the attorney for services *Page 7 
rendered prior to the discharge. Reid, Johnson, Downes, Andrachik Webster v. Lansberry (1994), 68 Ohio St.3d 570, syllabus; Fox Assocs.Co., LPA v. Purdon (1989), 44 Ohio St.3d 69. When the attorney who has been discharged was working under a contingency fee agreement, the discharged attorney recovers on the basis of quantum meruit, rather than under the terms of the fee agreement. The legal maxim "quantum meruit," literally means, "as much as he has deserved." See, e.g., Black's Law Dictionary (8 Ed. 2004) 1276. At common law, quantum meruit is itself, a cause of action based on implied contract/unjust enrichment, which allows a plaintiff to recover for services rendered. See id.; see, also,Fox, supra; Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 55, 544 N.E.2d 920.
 {¶ 16} There are at least three problems with Zunshine's argument: First, he was already paid a percentage of what Cott recovered. Cott received a settlement of $2,264.18 for property damage on September 18, 2004, from which Zunshine retained a fee. (Decision and Entry Granting Defendant's Motion for Summary Judgment, March 10, 2008.) Second, to the extent that property damage was not the sole basis for the bad faith claim, the claim was later dismissed, and Cott recovered nothing additional; therefore, Zunshine can recover nothing. Third, this claim for attorney fees should have been included in the first lawsuit for attorney fees. The work had been performed and the funds, if any, were already owed at the time the first lawsuit was filed.
 {¶ 17} In addition, when parties have multiple financial issues to resolve, all the claims are supposed to be included in one lawsuit. A failure to allege all the claims results in the claims not included in the lawsuit being barred by the doctrine of res judicata. See Shimko v.Lobe, 152 Ohio App.3d 742, 2003-Ohio-2200, 790 N.E.2d 335, ¶ 43 *Page 8 
("Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). Although Zunshine argues that the trial court could not rule on this issue at that time because the work had been performed and the attorney-client relationship severed, we find the issue should have been raised/decided at that time, and res judicata prevents the fee issue from being litigated now. See id. ("The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.") Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226; see, also,State ex rel. Pyle v. Bessey, 112 Ohio St.3d 119, 121, 2006-Ohio-6514,858 N.E.2d 383, at ¶ 11 ("Collateral estoppel prevents parties from relitigating in a subsequent case facts and issues that were fully litigated in a previous case.").
 {¶ 18} For all the above reasons, we overrule the first and second assignments of error.
 {¶ 19} The third assignment of error is similar to the first two, but concerns only Zunshine's claim for malicious prosecution. This issue was addressed in Zunshine's motion for sanctions, which was decided by the trial court, and which we affirmed on appeal:
 The trial court denied Zunshine's motion for sanctions on procedural grounds, and also on a perceived lack of merit. At the July 19, 2006 final pretrial conference on the fee case, the parties were required by local rule to submit an itemized list of special damages. The trial court noted that Zunshine did not request sanctions in his list of itemized damages, and found that, based on the local rule requiring itemization of damages, Zunshine was procedurally barred from moving for sanctions *Page 9 
after the fact. (Entry Denying Rule 11 Sanctions, July 11, 2007, at 3.) * * *
 A more compelling procedural bar to attorney Zunshine's motion is the fact that he waited until after the case was terminated, appealed, and then remanded — nearly a year — to make his motion. No facts that give rise to Zunshine's motion accrued after July 2006. Therefore, no legitimate reason for waiting until July 2007 to file the motion for sanctions was present.
 * * * [T]he trial court's reasoning follows basic principles of estoppel — you cannot litigate or re-litigate an argument in the future, when you had or could have had an opportunity to raise that argument in a previous matter. See, generally, Bentley v. Grange Mut. Cas. Ins. Co. (1997), 119 Ohio App.3d 93, 100, 694 N.E.2d 526 (explaining the doctrines of collateral estoppel and res judicata).
Zunshine v. Cott, Franklin App. No. 07AP-764, 2008-Ohio-2298, ¶ 16-18.
 {¶ 20} The issue was res judicata then, and is still res judicata, regardless of whether it is couched in terms of a motion for sanction under Civ. R. 11, or as a separate cause of action, as it is here. The malicious prosecution issue is barred by the doctrine of res judicata. We overrule the third assignment of error.
 {¶ 21} The fourth assigned error suffers from the same res judicata problems as explained with respect to the third assignment of error. The fourth assignment of error is also overruled.
 {¶ 22} In summary, we overrule all the assigned errors. We, therefore, affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 FRENCH, P.J., and McGRATH, J., concur. *Page 1