[Cite as *Tarazi v. Siddiqi*, 2020-Ohio-3432.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Omar Tarazi, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-557 |
| v. | : | (C.P.C. No. 18CV-3394) |
| Lamanul H. Siddiqi, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 23, 2020

**On brief:** *Omar Tarazi*, pro se.

**On brief:** *Lamanul H. Siddiqi*, pro se. **Argued:** *Lamanul H. Siddiqi.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Lamanul H. Siddiqi, appeals pro se from a judgment of the Franklin County Court of Common Pleas awarding damages to plaintiff-appellee, Omar Tarazi, pursuant to a summary judgment decision in Tarazi's favor. For the following reasons, we reverse and remand for further proceedings.

**I. Facts and Procedural History**

{¶ 2} The dispute between Tarazi and Siddiqi arises from Tarazi's representation of Siddiqi in a divorce case filed by Siddiqi's former wife ("the divorce proceeding"). The divorce proceeding was filed in January 2016. In January 2018, a trial began in the divorce proceeding, with Tarazi serving as counsel for Siddiqi. On January 25, 2018, Siddiqi and his former wife entered into a settlement agreement. On February 12, 2018, Tarazi filed a motion to withdraw as Siddiqi's counsel. A final divorce decree was issued on February 23, 2018 with a different attorney representing Siddiqi.

{¶ 3}     Tarazi filed a complaint against Siddiqi in the common pleas court in April 2018 asserting one count for an action on account, one count of breach of contract, and one count of quantum meruit.  Tarazi alleged he provided legal representation to Siddiqi in the divorce proceeding, pursuant to a fee agreement, and Siddiqi failed to fully compensate him for the services provided.  Copies of an invoice and account and a fee agreement were attached to the complaint.  Tarazi sought judgment against Siddiqi for $14,417.33, plus costs and interest.

{¶ 4}     Siddiqi filed an answer and counterclaim, asserting one count of negligent representation against Tarazi.  Siddiqi sought judgment against Tarazi in excess of $25,000, plus costs, interest, and attorney fees.

{¶ 5}     Tarazi moved for summary judgment on Siddiqi's counterclaim for negligent representation, asserting he was not negligent in his representation of Siddiqi and that Siddiqi failed to identify an expert witness who would testify that Tarazi was negligent. Tarazi also moved for summary judgment on his own claims, asserting Siddiqi admitted to the compensation rate set forth in the fee agreement and failed to properly contest the reasonableness of any of the fees sought under the complaint.

{¶ 6}     The trial court granted summary judgment in favor of Tarazi on his claims and on Siddiqi's counterclaim.  The court further concluded a hearing was necessary on the reasonableness of the fees sought by Tarazi and referred the matter to a magistrate for hearing.  At the hearing, Tarazi testified on his own behalf and presented testimony from Sanjay Bhatt, the attorney who represented Tarazi's former wife in the divorce proceeding. Tarazi also presented documentary evidence in support of his claims. Siddiqi appeared at the hearing, represented by counsel, where he testified and presented documentary evidence.  Following the hearing, the magistrate issued a decision concluding Tarazi presented sufficient evidence of the services performed and the reasonableness of the fees sought.  The magistrate found Siddiqi to be liable for a total of $14,417.33, consisting of $13,263.33 in unpaid fees and $1,154 in expenses.  The trial court subsequently issued a final judgment entry adopting the magistrate's decision.

## II. Assignment of Error

{¶ 7}     Siddiqi appeals and assigns the following sole assignment of error for our review:

> The trial court erred and abused it's discretion in not hearing appellant's arguments and issuing a **summary** judgement against the appellant.

(Sic passim.)

## III. Analysis

## A. Standard of Review

{¶ 8} The trial court granted summary judgment in favor of Tarazi on his claims and on Siddiqi's counterclaim. We review de novo a trial court decision granting summary judgment. *Capella III, LLC v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

## B. Summary Judgment on Siddiqi's Counterclaim

{¶ 9} We begin by considering Siddiqi's appeal of the trial court's grant of summary judgment in favor of Tarazi on Siddiqi's counterclaim for negligent representation. A plaintiff asserting a claim for legal malpractice based on negligent misrepresentation must establish that: (1) the attorney owed a duty or obligation to the plaintiff, (2) there was a breach of that duty or obligation and the attorney failed to conform to the standard required by law, and (3) there is a causal connection between the attorney's breach of duty and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. Failure to establish any of the three elements entitles the opposing party to summary judgment. *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 12. Thus, to prevail on his motion for summary judgment on the counterclaim, Tarazi was required to demonstrate

that Siddiqi would be unable to establish one or more of the elements of a legal malpractice claim. *See, e.g., Mulhollen v. Angel*, 10th Dist. No. 03AP-1218, 2005-Ohio-578, ¶ 21 ("Because defendants sought summary judgment on the basis that Mulhollen could not prove these claims at trial, it was defendants' initial burden to present Civ.R. 56(C) evidence that affirmatively demonstrated the absence of evidence supporting each of Mulhollen's claims."). Tarazi could make this showing by establishing that: (1) he did not owe a duty to Siddiqi, (2) if he did owe a duty to Siddiqi, he did not commit the alleged breach of duty or fail to conform to the standard required by law, or (3) there was no causal connection between the alleged breach and the alleged damages.

{¶ 10} It is undisputed that Tarazi represented Siddiqi during part of the divorce proceeding, although the parties disagree as to the date when the representation terminated. Accordingly, Tarazi owed Siddiqi a duty to exercise the knowledge, skill, and ability ordinarily possessed by similarly situated members of the legal profession. *Polivka v. Cox*, 10th Dist. No. 01AP-1023, 2002-Ohio-2420, ¶ 22. Therefore, our analysis turns on whether Tarazi demonstrated there was no genuine issue of material fact and he was entitled to judgment as a matter of law as to the second or third elements of Siddiqi's counterclaim.

{¶ 11} With respect to the second element of Siddiqi's legal malpractice claim, "a malpractice claim must assert more than imperfect representation, it must establish a failure to conform to the applicable standard of care." *Seoane-Vazquez v. Rosenberg*, 10th Dist. No. 19AP-16, 2019-Ohio-4997, ¶ 23. The Supreme Court of Ohio has held that expert testimony is generally required to establish the applicable standard of care in a legal malpractice claim, except where an alleged breach of duty is well within the common understanding of a layperson. *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984).

{¶ 12} When a party moves for summary judgment on a legal malpractice claim and presents competent expert testimony in support of that motion, the non-moving party must present similarly qualified expert testimony to rebut the movant's expert and create a genuine issue of material fact regarding the attorney's failure to conform with the standard of care. *Seoane-Vazquez* at ¶ 24. This court has previously held that "a defendant in a legal malpractice action possesses the required skill and knowledge to testify as to whether he or she met the applicable standard of care applicable to the client and that an independent

expert is not required to defend a malpractice action." *Roselle v. Nims*, 10th Dist. No. 02AP-423, 2003-Ohio-630, ¶ 31. *See also Brust v. Kravitz*, 10th Dist. No. 16AP-201, 2016-Ohio-7871, ¶ 39 ("An affidavit from the acting attorney is a legally sufficient basis on which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff."). Therefore, Tarazi could support his motion for summary judgment with his own affidavit attesting that he met the standard of care in representing Siddiqi, which would then shift the burden to Siddiqi to present competing expert testimony.

{¶ **13**} Under Civ.R. 56(E), an affidavit in support of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Generally, when an attorney who has been sued for legal malpractice submits an affidavit in support of a motion for summary judgment on that claim, the affidavit will set forth the attorney's qualifications and will attest that the attorney met the standard of care in representing the client. *See*, *e.g.*, *Brust* at ¶ 38 (affidavit submitted by attorney averred that "[b]ased upon [his] knowledge, experience, training, and education, the actions undertaken by both [co-counsel] and [the attorney] on behalf of Mr. Brust in handling his matters were at or above the standard of care for such representation in the legal community") (Emphasis omitted.); *Vahdati'bana v. Scott R. Roberts & Assocs., L.P.A.*, 10th Dist. No. 07AP-581, 2008-Ohio-1219, ¶ 31 ("Roberts' affidavit, in which he stated that his conduct in appellants' case met the appropriate standard of care, and that Maguire's conduct also met the appropriate standard of care, was sufficient to carry appellees' initial burden under Civ.R. 56(C)."); *Roselle* at ¶ 4 ("In his attached affidavit, defendant attested that he is an attorney licensed to practice law in the state of Ohio; that the affidavit was based upon his personal knowledge and was true; that he represented plaintiff in the bankruptcy proceeding; that after discussing the case with defendant, plaintiff decided to proceed through bankruptcy court; that he counseled plaintiff and rendered appropriate legal advice regarding plaintiff's credit problems and the effects of bankruptcy; and that his representation of plaintiff did not fall below the standard of care for an attorney engaged in the handling of a bankruptcy matter."); *Polivka* at ¶ 4 ("Defendant attached to his motion [for summary judgment] his own affidavit, in which he attested, inter alia, that he represented plaintiff in his claim for workers' compensation;

* * * and that he never fell below the standard of care for an attorney engaged in the representation of a plaintiff in a workers' compensation matter.").

{¶ 14} In this case, Tarazi provided an affidavit in support of his motion for summary judgment on Siddiqi's counterclaim that consisted of a single sentence, stating "[t]he undersigned Omar Tarazi, hereby swears and affirms under penalty of perjury that the information and facts included in his motion for Partial Summary Judgment are true to the best of his memory, information, knowledge, and belief." (Nov. 6, 2018 Tarazi Aff.) The trial court construed this as an "affidavit in support of his position as set forth in his motion for partial summary judgment and subsequent reply that he met the requisite standard of care." (Jan. 30, 2019 Decision & Entry at 5.) In the motion for summary judgment on the counterclaim, Tarazi described the details involved in the settlement of the divorce proceeding and asserted Siddiqi was anxious to resolve the case quickly so he could remarry. However, Tarazi did not affirmatively state in his motion for summary judgment on the counterclaim or reply memorandum in support of that motion that his representation of Siddiqi met the standard of care. The closest statement in the motion for partial summary judgment was a declaration that "[a]t every step during his representation, Attorney Tarazi explained to Mr. Siddiqi the pros and cons of his possible options, and Mr. Siddiqi made the decisions." (Mot. for Partial Sum. Jgmt. at 3.) Tarazi also argued in the motion that "if this Court is presented with the full transcripts of the trial testimony, and the testimony of all of the parties that participated in the negotiations, the Court would see that there was absolutely no negligence on the part of Attorney Tarazi." (Mot. for Partial Sum. Jgmt. at 4.) Tarazi's argument in favor of summary judgment largely focused on Siddiqi's failure to identify an expert witness to testify as to the standard of care and alleged intervening decisions by Siddiqi that would prevent him from establishing that he suffered any damages from the alleged negligence. Tarazi's reply memorandum in support of summary judgment similarly focused on Siddiqi's failure to present expert testimony in support of his counterclaim and alleged inconsistencies and contradictions in Siddiqi's arguments.

{¶ 15} Under the de novo standard, we independently review the record and give no deference to the trial court's decision. We are also bound to resolve all doubts and construe the evidence in favor of Siddiqi, as the non-moving party. Applying this standard of review, we conclude that Tarazi's motion for summary judgment on the counterclaim, reply

memorandum in support of that motion, and supporting materials, including his summary affidavit, were insufficient to establish that Tarazi did not breach the standard of care in his representation of Siddiqi. Therefore, Tarazi failed to demonstrate there was no genuine issue of material fact and he was entitled to judgment as a matter of law because Siddiqi would be unable to establish the second element of his legal malpractice counterclaim.

{¶ 16} The third element of a negligent misrepresentation claim requires the claimant to establish a causal connection between the alleged breach of duty and the resulting damage or loss. The party asserting legal malpractice generally does not have to prove he would have prevailed in the underlying case absent the alleged negligent misrepresentation, but must demonstrate the negligent act or omission was the proximate cause of the alleged damage or loss. *Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, 10th Dist. No. 01AP-1137, 2003-Ohio-1633, ¶ 18-19. Tarazi argued in his motion for summary judgment on the counterclaim that Siddiqi chose to settle the divorce proceeding before Tarazi presented his case-in-chief. Tarazi alleged Siddiqi freely and voluntarily chose to accept a handwritten, incomplete settlement agreement because he was anxious to settle the case quickly so he could get remarried. He claimed Siddiqi later chose to renegotiate the terms of the settlement agreement after retaining new counsel. Tarazi argued Siddiqi would be unable to establish that any alleged malpractice caused Siddiqi to suffer damages.

{¶ 17} Siddiqi argued Tarazi failed to pursue arguments regarding neglect of the children by his former wife, failed to properly calculate rental income for purposes of the division of assets, failed to present contradictory evidence regarding the value of the house, failed to pursue motions favorable to Siddiqi, and failed to make an opening statement on his behalf. With respect to Tarazi's claim that he chose to settle prior to presentation of his case-in-chief, Siddiqi argued Tarazi advised him the trial judge was against him and he relied on that advice in choosing to settle the case. Siddiqi further asserted he had identified as witnesses multiple attorneys who were involved in the divorce proceeding and would be able to testify regarding Tarazi's alleged negligence.

{¶ 18} Based on our review of the record, resolving all doubts and construing the evidence in favor of Siddiqi as the non-moving party, we conclude Tarazi failed to demonstrate there was no genuine issue of material fact as to whether the alleged malpractice caused damage to Siddiqi.

{¶ 19} Because we conclude Tarazi failed to demonstrate there was no genuine issue of material fact and he was entitled to judgment as a matter of law because Siddiqi would be unable to establish the second or third elements of his counterclaim for legal malpractice we reverse the trial court's judgment granting summary judgment in favor of Tarazi on Siddiqi's counterclaim.

## C. Summary Judgment on Tarazi's Claims

{¶ 20} In granting summary judgment in favor of Tarazi on his alternate claims on account, for breach of contract, or for quantum meruit, the trial court acknowledged that Siddiqi argued the fees sought by Tarazi were unreasonable because of the negligent representation alleged in the counterclaim. The trial court concluded that argument lacked merit because it had disposed of Siddiqi's counterclaim. Therefore, the trial court did not consider the extent to which Siddiqi's negligent misrepresentation counterclaim may have functioned as a defense to Tarazi's claims. As explained above, we conclude the trial court erred by granting summary judgment on Siddiqi's counterclaim. Therefore, it is necessary to reverse the grant of summary judgment on Tarazi's claims so that, on remand, the trial court may also consider whether the negligent misrepresentation counterclaim precludes summary judgment on Tarazi's claims.

{¶ 21} Accordingly, we sustain Siddiqi's sole assignment of error.

## IV. Conclusion

{¶ 22} Having sustained Siddiqi's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*
*and cause remanded.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.