[Cite as *Aetna Resources, L.L.C. v. Clark*, 2024-Ohio-3003.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Aetna Resources, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 23AP-670 |
| | | (C.P.C. No. 22CV-7866) |
| April Clark, | : | |
| Defendant-Appellant, | : | (ACCELERATED CALENDAR) |
| Spitz, The Employee's Law Firm, | : | |
| Defendant-Appellee. | : | |
| April Clark, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 23AP-671 |
| v. | : | (C.P.C. No. 22CV-8947) |
| Spitz Law Firm et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 8, 2024

**On brief:** *Littler Mendelson*, *P.C.*, and *Alex R. Frondorf*, for
appellee Aetna Resources, LLC.

**On brief:** *April Clark*, pro se.

**On brief:** *Spitz*, *The Employee's Law Firm*, *Brian D. Spitz*,
and *Trisha M. Breedlove*, for appellee Spitz Law Firm.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant/plaintiff-appellant April Clark appeals, pro se, from a judgment of the Franklin County Court of Common Pleas denying her motion to dismiss and motion for summary judgment and granting a motion for summary judgment filed by defendant-appellee Spitz, The Employee's Law Firm ("the Spitz Firm"). For the reasons that follow, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶ 2} In November 2022, plaintiff-appellee, Aetna Resources, LLC ("Aetna"), a subsidiary of CVS Health ("CVS"), filed an interpleader complaint in Franklin C.P. No. 22CV-7866 ("case No. 7866"), naming Clark and the Spitz Firm as defendants. In the interpleader complaint, Aetna asserted that it and CVS had been named as defendants in a federal lawsuit filed by Clark alleging employment discrimination claims and as respondents in administrative cases alleging similar matters filed before the United States Equal Employment Opportunity Commission ("EEOC"), the Ohio Civil Rights Commission, and the Occupational Safety and Health Administration.[1] Aetna alleged Clark initially filed her employment claims as a pro se party before retaining the Spitz Firm as counsel in August 2022.

{¶ 3} Aetna claimed its attorneys negotiated with the Spitz Firm and reached a confidential settlement agreement of Clark's employment claims. Aetna asserted the settlement agreement designated $15,028 of the settlement proceeds as payment to the Spitz Firm for attorney fees and costs. Aetna alleged that after reaching this agreement, on September 26, 2022, it was advised that Clark had terminated the Spitz Firm's representation, was revoking the negotiated settlement, and intended to proceed pro se with a previously scheduled EEOC mediation. Shortly thereafter, the Spitz Firm sent Aetna a letter claiming a charging lien of $15,028 in the event of any future settlement of Clark's employment claims.

{¶ 4} Aetna claimed it reached a confidential settlement with Clark following the EEOC mediation. Clark then advised Aetna she was disputing the Spitz Firm's attorney fee claim and would not sign a settlement agreement that included a payment to the Spitz Firm.

---

[1] For purposes of clarity, we will refer to Clark's federal lawsuit and her state and federal administrative actions as her "employment claims."

Aetna asserted Clark eventually agreed to a settlement agreement (the "mediation settlement agreement") providing that Aetna would act in accordance with law with respect to the funds the Spitz Firm claimed as its fees (the "disputed funds"). Aetna alleged Clark objected to having Aetna's attorneys hold the disputed funds in trust until the competing claims could be resolved. Aetna also alleged the Spitz Firm threatened to file suit against Aetna and its attorneys unless the disputed funds were paid to the Spitz Firm. Pursuant to Civ.R. 22, the interpleader complaint sought a judgment directing Clark and the Spitz Firm to interplead their claims for the disputed funds, determining to whom the disputed funds should be paid, and discharging Aetna from any further liability.

{¶ 5} The Spitz Firm filed a cross-claim for declaratory judgment in case No. 7866 seeking judgment that it was entitled to the disputed funds under its charging lien. Clark also filed a cross-claim for declaratory judgment in case No. 7866, seeking judgment that disputed funds were her property.

{¶ 6} In December 2022, Clark filed a complaint against the Spitz Firm in Franklin C.P. No. 22CV-8947 ("case No. 8947"). Clark asserted claims for breach of contract, negligence, malpractice, consequential damages, and punitive damages. The Spitz Firm filed an answer denying all of Clark's claims. Pursuant to a motion from the Spitz Firm, the trial court consolidated case Nos. 7866 and 8947 into a single proceeding.[2]

{¶ 7} Clark moved to dismiss the complaint in case No. 7866 asserting the Spitz Firm did not have a valid charging lien and claiming she was entitled to the full proceeds of the settlement with Aetna, including the disputed funds. Clark also moved for summary judgment in her favor in case No. 7866. The Spitz Firm moved for summary judgment in its favor on all claims in case Nos. 7866 and 8947, asserting it was entitled to the disputed funds pursuant to a contract for legal services Clark entered into when the representation began.

{¶ 8} The trial court denied Clark's motion to dismiss the complaint in case No. 7866, concluding Clark's general allegations failed to state a basis for dismissal. The trial court also denied Clark's motion for summary judgment in case No. 7866, concluding she

---

[2] Clark also filed a complaint in December 2022 against Aetna and attorneys affiliated with Aetna in Franklin C.P. No. 22CV-8936 asserting claims for breach of contract, negligence, consequential damages, and punitive damages. That case was not consolidated with the two cases giving rise to this appeal. On March 7, 2024, the trial court issued an order staying the proceedings in that case pending further order from the court.

did not demonstrate she was entitled to judgment as a matter of law. The trial court granted the Spitz Firm's motion for summary judgment in case Nos. 7866 and 8947, concluding the Spitz Firm substantially performed under its contract with Clark and was entitled to the disputed funds, and that there was no genuine issue of material fact that the Spitz Firm was entitled to judgment as a matter of law on Clark's claims against it.

## II. Assignments of Error

{¶ 9} Clark appeals and assigns the following four assignments of error for our review:

> I. The Trial Court erred in its decision by way of Abuse of Discretion, and Appellant has been deprived of a rights secured by the Constitution or laws of the United States, and the alleged deprivation was committed under color of state law. *See Grybosky v. Ohio Civ. Rights Comm.*, 11th Dist. No. 2010-A-0047, 2011-Ohio-6843, ¶ 36, quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).
>
> II. The Trial Court erred as a matter of law by refusing to award Appellant damages for Aetna Resources LLC Appellee breach of the EEOC Mediation and General Release settlement agreement's exclusivity provisions. This error is reflected in the decision of the trial court on case record October 31, 2023.
>
> III. The Trial court erred by dismissing Appellant alternative equitable claims, which pled a EEOC MSA Settlement and General Release governed by Federal Law Title VII Civil Rights Act of 1964 existed and Appellee Aetna breached. This error is reflected on the case record denying Appellant's Motion for Summary Judgment.
>
> [IV.] The Trial court erred by dismissing Appellant alternative equitable claims, which plead the contingency contract that governed the relationship between Appellant and Appellee Spitz Law Firm was breached and no actual work, fees, representation or litigation of Spitz exist denying Appellant's Jury Demand, Motion for Summary Judgment and Demand for Jury Trial and Granting Appellee Spitz Law Firm Summary Judgment.

(Sic passim.)

## III.  Discussion

{¶ 10}  Although Clark's brief contains four assignments of error, the arguments she present are interrelated and not clearly linked to specific assignments of error.  Therefore, we will address all of Clark's arguments together.  Generally, Clark asserts the trial court erred by denying her motion to dismiss and her motion for summary judgment.  Clark also asserts the trial court erred by granting summary judgment in favor of the Spitz Firm.

### A. Standard of Review

{¶ 11}  In her motion to dismiss the interpleader complaint, Clark asserted there was no fund against which the Spitz Firm could assert a charging lien.  Thus, Clark effectively argued the interpleader complaint failed to state a claim upon which relief could be granted.  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-61, 2022-Ohio-2155, ¶ 7.  The court must presume all allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party.  *Id.*  For the motion to be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery."  *Id.*

{¶ 12}  Both Clark and the Spitz Firm moved for summary judgment; the trial court denied Clark's motion for summary judgment and granted summary judgment in favor of the Spitz Firm.  Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29.  We review a decision granting summary judgment de novo, conducting an independent review of the record and affording no deference to the trial court's decision.  *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6.

{¶ 13}  Under Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record demonstrating the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment.  If the moving party satisfies its

initial burden, summary judgment is appropriate unless the non-moving party responds with specific facts demonstrating that a genuine issue exists for trial. *Id.*

**B. Analysis**

{¶ 14} Clark argues the Spitz Firm was not entitled to the disputed funds because its representation of her prior to termination of the attorney-client relationship constituted malpractice. In effect, Clark asserts the trial court erred by granting summary judgment in favor of the Spitz Firm because of this alleged malpractice.

{¶ 15} In case No. 8947, Clark asserted claims against the Spitz Firm for breach of contract, negligence, and malpractice. Notwithstanding the labels Clark applied to her claims, they all related to the Spitz Firm's representation of her: in the breach of contract claim Clark asserted the Spitz Firm breached its contract with her by failing to competently represent her and in the negligence claim she asserted the Spitz Firm violated its duty to deal with her truthfully, fairly, ethically, and professionally. "The gist of a complaint sounds in malpractice when the allegations focus on the manner in which the attorney represented the client." *Nalluri v. Jones*, 10th Dist. No. 19AP-779, 2020-Ohio-4280, ¶ 17. " 'When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of contract, are subsumed within the legal-malpractice claim.' " *Id.*, quoting *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. No. 98861, 2014-Ohio-25, ¶ 35. *See Creech v. Gaba*, 10th Dist. No. 15AP-1100, 2017-Ohio-195, ¶ 10 ("All claims in tort, fraud, or contract against a lawyer are, essentially, considered to be malpractice."). Therefore, all of the claims Clark asserted in case No. 8947 were effectively malpractice claims.

{¶ 16} "The Supreme Court of Ohio has clearly set forth the elements of a legal malpractice action in Ohio: 'To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.' " *Seoane-Vazquez v. Rosenberg*, 10th Dist. No. 19AP-16, 2019-Ohio-4997, ¶ 23, quoting *Vahila v. Hall*, 77 Ohio St.3d 421, 427 (1997). "[A] malpractice claim must assert more than imperfect representation[;] it must establish a failure to conform to the applicable standard

of care." *Id.* Failure to establish any of the three elements of a legal malpractice claim entitles the opposing party to summary judgment. *Tarazi v. Siddiqi*, 10th Dist. No. 19AP-557, 2020-Ohio-3432, ¶ 9.

{¶ 17} It is undisputed the Spitz Firm represented Clark for a period of time; therefore, the Spitz Firm owed Clark a duty of care arising from the attorney-client relationship. Expert testimony is normally necessary to establish the standard of care in a legal malpractice case, and that the attorney accused of malpractice failed to comply with the standard of care. *Seoane-Vazquez* at ¶ 24. However, where an alleged breach of duty is well within the common understanding of a layperson, expert testimony is not necessary. *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984). In her complaint, Clark broadly asserted that the Spitz Firm performed no actual work on her behalf, failed to communicate with her, and did not negotiate the mediation settlement agreement. Under these circumstances, Clark's broad assertion that the Spitz Firm violated the standard of care by performing no work on her behalf and failing to communicate with her is well within the common understanding of a layperson and no expert testimony was required to establish the standard of care.

{¶ 18} In support of its motion for summary judgment, the Spitz Firm submitted affidavits from two of its attorneys, Gregory Shumaker and Trisha Breedlove. Shumaker and Breedlove averred that collectively the Spitz Firm spent significant hours on Clark's claims between July and September 2022, and reviewed over 200 documents related to her claims. Breedlove further averred that Clark gave the Spitz Firm written settlement authority and that Breedlove engaged in settlement discussions with Aetna's counsel, ultimately reaching an agreement to settle Clark's employment claims for $37,500. The motion for summary judgment was also supported with a copy of the contract for legal services with the Spitz Firm that Clark signed on July 19, 2022, and with copies of correspondence between Breedlove and Clark, including requests for additional factual information from Clark and updates on the status of settlement negotiations. This evidence satisfied the initial burden of summary judgment, shifting the burden to Clark to demonstrate that there was a genuine issue of fact as to whether the Spitz Firm had performed legal work on her behalf. Clark's response to the motion for summary judgment reiterated her general claims that the Spitz Firm did not perform any actual work on her

behalf but failed to allege specific facts demonstrating that a genuine material issue of fact existed for trial. Therefore, the trial court did not err by granting summary judgment in favor of the Spitz Firm on Clark's claims in case No. 8947.

{¶ 19} Regarding case No. 7866, Clark asserts Aetna committed breach of contract and appears to argue that the mediation settlement agreement required Aetna to pay the disputed funds to her, rather than file an interpleader complaint. "To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff under the contract, (3) breach of the contract by the defendant, and (4) damages or loss resulting from the breach." *Innovative Architectural Planners, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 23AP-116, 2024-Ohio-824, ¶ 46. A breach of contract occurs when a defendant does not perform one or more terms of the contract. *Id.*

{¶ 20} In the interpleader complaint, Aetna alleged the mediation settlement agreement provided that with regard to the disputed funds, "Aetna will act in accordance with law with respect to the disbursement of the $15,028.00 amount pending outcome of the fee dispute." (Compl. at 4.) Clark's answer to the interpleader complaint acknowledged that provision was included in the mediation settlement agreement. In her motion for summary judgment on the interpleader complaint and on appeal, Clark argues Aetna breached the mediation settlement agreement by filing the interpleader complaint.

{¶ 21} Interpleader is a procedure " 'designed to protect a stakeholder when there are conflicting claims against the funds [or property] which are admittedly due to someone but the proper one is not known and a court of competent jurisdiction is asked to legally adjudicate the conflict.' " *Crawford Cty. Sheriff's Dept. v. Sears Roebuck & Co.*, 3d Dist. No. 3-04-05, 2004-Ohio-3898, ¶ 24, quoting *Csohan v. United Benefit Life Ins. Co.*, 33 Ohio Op.2d 36 (8th Dist.1964). The staff notes to Civ.R. 22 explain the purpose and process of an interpleader action:

> Interpleader is a two-stage action. A stakeholder who controls a fund is subjected to the claims of two or more claimants. The stakeholder does not know who is the proper claimant. The stakeholder does not wish to pay the "wrong" claimant and thus expose himself to suit by the "proper" claimant. In the first stage, the stakeholder, in order to avoid a multiplicity of suits and possible multiple liability, interpleads the claimants. In the second stage, ordinarily, the stakeholder drops out, leaving the

claimants to establish the validity of one of the claims. One claimant will be successful in the second stage.

1970 Staff Note, Civ.R. 22.

{¶ 22} The mediation settlement agreement required Aetna to "act in accordance with law" with respect to the disputed funds. Because interpleader is a valid method provided for under Ohio law to resolve disputed claims, we cannot conclude that Aetna breached the mediation settlement agreement by seeking judicial resolution of Clark and the Spitz Firm's competing claims to the disputed funds.

{¶ 23} Clark also claims Aetna and its attorneys committed a breach of fiduciary duty because the disputed funds were not placed "in a trust account, escrow, court registry or in the hands of an innocent third party with no interest or ownership in the funds or subject matter, during the trial court cause of action."[3] (Appellant's Brief at 24.)

{¶ 24} In an interpleader action, "[i]f the trial court determines that interpleader is appropriate and that the claimants should be made to litigate their respective claims to the contested fund, the stakeholder is usually dismissed upon deposit of the fund with the court." *NWO Holdco, L.L.C. v. Hilliard Energy, Ltd.*, 3d Dist. No. 11-21-03, 2022-Ohio-881, ¶ 28. *See Lincoln Natl. Life Ins. Co. v. Taylor*, 10th Dist. No. 92AP-1724 (June 17, 1993) ("In this case, after filing an interpleader complaint, Lincoln National Life was ordered by the trial court to deposit the insurance proceeds with the clerk of courts and then was discharged from further liability for recovery of all or part of the insurance proceeds."). Thus, contrary to Clark's assertion, by filing the interpleader complaint Aetna sought to have the disputed funds placed with the trial court so that the competing claims of Clark and the Spitz Firm could be resolved.

{¶ 25} Moreover, Clark has failed to establish a breach of a fiduciary duty with respect to the disputed funds. The elements of a breach of fiduciary duty claim include: (1) the existence of a duty arising from a fiduciary relationship, (2) a failure to observe that duty, and (3) an injury resulting from the failure to observe the duty. *Patel v. Univ. of*

---

[3] Clark also appears to allege a breach of fiduciary duty because Aetna paid the disputed funds to the Spitz Firm after the trial court issued its judgment. However, Clark did not seek a stay of execution of the judgment under Civ.R. 62. Absent such a stay, Clark has no grounds to contest payment of the judgment. *See, e.g., Baird v. L.A.D. Holdings, L.L.C.*, 1st Dist. No. C-160265, 2017-Ohio-2953, ¶ 15 ("If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even though the appeal is pending.").

*Toledo*, 10th Dist. No. 16AP-378, 2017-Ohio-7132, ¶ 47. A breach of fiduciary duty claim necessarily fails when there is no fiduciary relationship between the parties. *Id.*

{¶ 26} A fiduciary relationship is "a relationship 'in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' " *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶ 16, quoting *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 115 (1974). A de facto fiduciary relationship may be created informally through the parties' interaction, but such an informal fiduciary relationship "can only be created where both parties understand that a special trust or confidence has been reposed." *Hoyt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 04AP-941, 2005-Ohio-6367, ¶ 31.

{¶ 27} In this case, Clark and Aetna were opposing parties in litigation and administrative proceedings when the mediation settlement agreement was reached. Under such circumstances, they could be reasonably expected to act in their own best interest. "Generally, when parties act to protect their own interests and operate at arm's-length from one another, their relationship is not fiduciary in nature." *Carnahan v. SCI Ohio Funeral Servs., Inc.*, 10th Dist. No. 00AP-490 (Mar. 13, 2001). *See Hoyt* at ¶ 31 ("There is no evidence that any special level of trust or confidence, over and above an ordinary arm's length business relationship, existed between Canfield and Hoyt. Therefore, as a matter of law, no informal fiduciary relationship could exist."). Further, even if Clark believed there was a fiduciary relationship, she has failed to establish that she communicated her special confidence or trust to Aetna. *See Nichols v. Schwendeman*, 10th Dist. No. 07AP-433, 2007-Ohio-6602, ¶ 21 ("Simply put, the record contains no evidence that appellants communicated their alleged special confidence or trust to appellees. Thus * * *, the record does not demonstrate a bilateral understanding, as is necessary to convert an ordinary business relationship into a fiduciary one."). Because Clark has not established that a fiduciary relationship existed, her claim of a breach of fiduciary duty necessarily fails. *Patel* at ¶ 47.

{¶ 28} Although the trial court did not err by granting summary judgment in favor of the Spitz Firm on Clark's claims in case No. 8947, we conclude the trial court erred by granting summary judgment in favor of the Spitz Firm on the interpleader complaint in case No. 7866 and awarding the full amount of the disputed funds to the Spitz Firm without

determining the reasonable value of the legal services the Spitz Firm performed for Clark. Clark entered into a contract for legal services with the Spitz Firm providing that the Spitz Firm would be paid a contingency fee of 40 percent of the gross value of any settlement or judgment Clark received. The contract also provided that Clark would be charged a $14 per month fee for costs and expenses. Although the Spitz Firm negotiated a settlement of Clark's claims against Aetna for $37,500, Clark terminated the Spitz Firm without entering into a written agreement as to that settlement. Clark subsequently acted pro se when she entered into the mediation settlement agreement with Aetna. The Spitz Firm's asserted charging lien of $15,028 appears to represent the 40 percent contingency fee of the $37,500 negotiated settlement amount, plus 2 months of the monthly fee for costs and expenses.

{¶ 29} " 'A client has an absolute right to discharge an attorney or law firm at any time, with or without cause, subject to the obligation to compensate the attorney or firm for services rendered prior to the discharge.' " *Eichenberger v. Chilton-Clark*, 10th Dist. No. 17AP-809, 2019-Ohio-3343, ¶ 28, quoting *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 68 Ohio St.3d 570 (1994), paragraph one of the syllabus ("*Reid*"). "When the attorney who has been discharged was working under a contingency fee agreement, the discharged attorney recovers on the basis of quantum meruit, rather than under the terms of the fee agreement." *Zunshine v. Cott*, 10th Dist. No. 08AP-347, 2009-Ohio-439, ¶ 15. *See Reid* at paragraph two of the syllabus ("When an attorney representing a client pursuant to a contingent-fee agreement is discharged, the attorney's cause of action for a fee recovery on the basis of *quantum meruit* arises upon the successful occurrence of the contingency."); *Fox & Assocs. Co., L.P.A. v. Purdon*, 44 Ohio St.3d 69 (1989), syllabus ("When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit*."). Quantum meruit is a legal maxim meaning " 'as much as he has deserved.' " *Zunshine* at ¶ 15, quoting *Black's Law Dictionary* 1276 (8th Ed.2004).

{¶ 30} A trial court determining the reasonable value of a discharged contingent-fee attorney's services in quantum meruit, should consider the totality of the circumstances involved, which include the number of hours worked by the attorney prior to discharge, the recovery sought, the skill required, the results obtained, and the attorney-client agreement.

*Reid* at paragraph three of the syllabus. As explained above, the Spitz Firm supported its motion for summary judgment with affidavits from two of its attorneys attesting in general terms to the work performed for Clark. However, neither of those affidavits contained any assertions regarding the *value* of the services performed for Clark. The Spitz Firm did not present any other evidence to the trial court related to the value of the services performed for Clark. In granting summary judgment and awarding the full amount of the disputed funds to the Spitz Firm in case No. 7866, the trial court did not undertake any analysis of the work performed by the Spitz Firm prior to the termination or the reasonable value of that work. Under these circumstances, we find there remains a genuine issue of material fact as to the services performed by the Spitz Firm prior to termination and the reasonable value of those services, and what portion of the disputed funds the Spitz Firm is entitled to recover for that work. Accordingly, we conclude the trial court erred by granting summary judgment in favor of the Spitz Firm in case No. 7866. *See Roberts v. Hutton*, 152 Ohio App.3d 412, 2003-Ohio-1650, ¶ 37-48 (10th Dist.) (remanding for consideration of terminated attorney's entitlement to fees based on the totality of the circumstances involved in the representation).

**{¶ 31}** For the foregoing reasons, we sustain in part Clark's fourth assignment of error to the extent it challenges the trial court's grant of summary judgment in favor of the Spitz Firm in case No. 7866 and overrule Clark's remaining assignments of error.

**{¶ 32}** Finally, we note that there are pending motions filed by the parties in this court. While this appeal was pending, the Spitz Firm moved to have Clark declared a vexatious litigator under R.C. 2323.52. Clark filed a response in opposition, alleging she was entitled to various forms of relief. Having reviewed the motion and Clark's response, we deny the Spitz Firm's motion to declare Clark a vexatious litigator. To the extent Clark's response could be construed as a motion for the various forms of relief she alleges she is entitled to, we also deny such motion. Additionally, on July 30, 2024, Clark filed a "Notice of Breach of Fiduciary Duty, Fraud on the Court and RICO Crime Scheme Issues" ("Notice of Breach"). Pursuant to App.R. 11.1 and Loc.R. 6 of the Tenth District Court of Appeals, this case has been placed on the court's accelerated calendar; therefore, no reply brief is permitted unless ordered by the court. App.R. 11.1(C). Accordingly, we sua sponte strike from the record Clark's Notice of Breach. *See, e.g.*, *Neubauer v. Ohio Remcon, Inc.*, 10th

Dist. No. 05AP-946, 2006-Ohio-1481, ¶ 51 ("[W]e sua sponte strike from the record the 'Supplemental Appellant's Exhibit' appellant submitted to this court.").

## IV. Conclusion

{¶ 33} For the foregoing reasons, we overrule Clark's first, second, and third assignments of error and overrule in part and sustain in part her fourth assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision. We deny the Spitz Firm's motion to declare Clark a vexatious litigator and deny any requests for relief contained in Clark's response to that motion.

*Judgment affirmed in part and
reversed in part; cause remanded;
motions denied.*

JAMISON and BOGGS, JJ., concur.

JAMISON, J., concurring.

{¶ 34} Because the majority decision failed to order disputed funds to be deposited with the trial court until a hearing is held to determine attorney fees earned, I write separately.

{¶ 35} I take no issue with the recitation of facts or the holding of the majority decision; therefore, I adopt them fully. "Appellant acknowledges that a discharged contingent-fee attorney is entitled to recover attorney fees on the basis of quantum meruit." *Oliver v. Groedel*, 7th Dist. No. 22 MA 0005, 2023-Ohio-275, ¶ 48. The record is clear that counsel had been discharged and there is a dispute between Clark and the Spitz Firm regarding attorney fees. Given that the majority decision finds that the trial court erred in granting summary judgment in favor of the Spitz Firm in case No. 7866, I would order that the disputed fees be deposited with the trial court until the trial court holds a hearing and determines the total fees earned.

{¶ 36} Because the majority decision does not order the disputed fees to be held by the trial court, I write a separate concurrence.

--------